IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Diane Kirven on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Central States Health & Life Company Of Omaha, and Philadelphia American Life Insurance Company Of America,<br><br>Defendants. | CIVIL ACTION NO. 3:11-cv-02149-MBS<br><br>**QUALIFIED PROTECTIVE ORDER** |

This matter is before the Court on the parties' joint request that the Court enter a Qualified Protective Order ("Order") pursuant to 45 C.F.R. § 164.512(e)(1) of the Privacy Standards promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The parties seek the entry of this Order to facilitate the production of certain insurance claim documentation, which Defendants have agreed to produce at this point only for Plaintiff's review in connection with settlement, that may implicate the privacy provisions of HIPAA. The parties agree to comply fully with the terms and conditions of this Order, and the following restrictions are placed upon the production of any such documentation:

1.  This Order shall apply to the production of all "protected health information" produced by Defendants to Plaintiff during the course of this action.

2.  For the purpose of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic

information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. The protected health information may be shown, disseminated, or disclosed *only* to the named Plaintiff and counsel of record for Plaintiff in this case. The protected health information is to be treated as confidential, and Plaintiff and her attorneys shall not be permitted to disclose the protected health information to experts, consultants, witnesses, court personnel, court reporters, copy services, trial consultants, juries, unidentified parties, purported class members and/or other entities or persons involved in the litigation process.

4. Within 45 days after the conclusion of this litigation including appeals, Plaintiff and her attorneys shall either: (1) return the protected health information to Defendants; or (2) destroy any and all copies of protected health information and thereafter provide proof to Defendants of such destruction. In either event, neither Plaintiff nor her attorneys shall keep any originals or copies of the protected health information.

5. This Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties or by order of the court. If any provision of this Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

6. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors,

or other persons or organizations over which they have control.

    **IT IS SO ORDERED.**


                                                     /s/ Margaret B. Seymour
                                                   CHIEF UNITED STATES DISTRICT JUDGE

August 21, 2012

Columbia, South Carolina