IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Diane Kirven, on behalf of herself and all others similarly situated, | ) ) ) C/A No. 3:11-2149-MBS |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| | ) **ORDER OF CERTIFICATION** |
| Central States Health & Life Co. of Omaha, and Philadelphia American Life Insurance Company, | ) ) ) ) |
| Defendants. | ) ) ) |

TO:    THE HONORABLE CHIEF JUSTICE AND JUSTICES OF THE SOUTH CAROLINA SUPREME COURT

Plaintiff Diane Kirven filed the within class action complaint against Defendants Central States Health & Life Co. of Omaha ("Central States") and Philadelphia American Life Insurance Company ("Philadelphia American") on August 15, 2011. Plaintiff alleges that she entered into a "cancer and specified disease" contract of insurance (the "Policy") with Central States on November 22, 1999. Under the Policy, Central States promised to pay Plaintiff benefits regardless of any other insurance coverage she carried. Central States also promised to pay Plaintiff a defined benefit in an amount equal to (or a percentage of) the "actual charges" for certain medical and pharmaceutical treatments. Comp. ¶¶ 13, 21. The Policy did not define the term "actual charges." According to Plaintiff, however, Central States paid benefits under its "cancer and specified disease" policies calculated on the charges billed to the insureds by their medical providers and/or pharmacies. Id. ¶ 14. Stated differently, Central States paid benefits based upon billed amounts and did not reduce

the benefits based upon any discounts negotiated between Central States and Plaintiff's medical providers.

Plaintiff was diagnosed with cancer in February 2003. She was required to undergo chemotherapy and radiation treatments. Id. ¶ 22. Plaintiff submitted claims to Central States under the Policy. Central States paid Plaintiff a percentage of the actual charges for radiation and chemotherapy represented on her medical provider bills. Central States also paid Plaintiff benefits based upon the charges of medical providers represented on her medical provider bills until Plaintiff's cancer fell into remission. Id. ¶¶ 24, 25.

On December 31, 2005, Philadelphia American acquired Central States' South Carolina "cancer and specified disease" policies. Plaintiff alleges that between January 1, 2006 and approximately August 21, 2008, Philadelphia American continued to pay benefits under the "cancer and specified disease" policies in the same manner as had Central States, i.e., based upon the charges billed to the insured by their medical providers without respect to any discounts negotiated between Philadelphia American and Plaintiff's medical providers. Id. ¶¶ 15, 16.

The South Carolina Legislature enacted S.C. Code Ann. § 38-71-242, effective June 4, 2008. Section 38-71-242 provides, in pertinent part:

> (A)(1) When used in any individual or group specified disease insurance policy in connection with the benefits payable for goods or services provided by any health care provider or other designated person or entity, the terms "actual charge", "actual charges", "actual fee", or "actual fees" shall mean the amount that the health care provider or other designated person or entity:
>
> > (a) agreed to accept, pursuant to a network or other agreement with a health insurer, third-party administrator, or other third-party payor, as payment in full for the goods or services provided to the insured;
> >
> > (b) agreed or is obligated by operation of law to accept as payment in full for

>> the goods or services provided to the insured pursuant to a provider, participation agreement, or supplier agreement under Medicare, Medicaid, or any other government administered health care program, where the insured is covered or reimbursed by such program; or
>
>> (c) if both subitems (a) and (b) of this subsection apply, the lowest amount determined under these two subitems; and
>
> (2) must include any applicable deductibles, coinsurance requirements, or co-pay requirements applicable to the insured under any government administered health care program or any private primary health insurance coverage for the health care provider's goods or services provided to the insured.

Plaintiff's cancer recurred in 2009. Plaintiff again underwent chemotherapy. She filed a claim with Philadelphia American for benefits under the Policy. Relying on section 38-71-242, Philadelphia American required Plaintiff to submit an Explanation of Benefit form as documentation of the paid amounts. Philadelphia American thereupon reduced the amount of benefits paid to Plaintiff in accordance with the statutory definition promulgated after the date of the Policy. Plaintiff contends that the section 38-71-242 cannot be applied retroactively to policies in existence prior to its enactment. Accord Ward v. Dixie Nat'l Life Ins. Co., 595 F.3d 164 (D.S.C. 2010) (finding that presumption against retroactivity bars application of 38-71-242 to policies already in effect).

The parties agree that the correct legal definition of "actual charges," as that term is used in the Policy, is dispositive of the issue of Defendants' liability to Plaintiff and others similarly situated, and that the correct legal definition of "actual charges" is determinative of the damages, if any, due Plaintiff and others similarly situated. Thus, the parties have jointly moved the court to certify the issue regarding retroactivity of section 38-71-242 to the South Carolina Supreme Court.

South Carolina Rule of Appellate Procedure 244 provides that the South Carolina Supreme Court in its discretion may answer questions of law certified to it by a federal court "if there are

involved in any proceeding before that court questions of law of this state which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of" the South Carolina Supreme Court.

Certification of a question of state law is appropriate when the federal tribunal is required to address a novel issue of local law which is determinative in the case before it. <u>Grattam v. Board of School Comm'rs</u>, 805 F.2d 1160, 1164 (4th Cir. 1986). In this case, it appears that the South Carolina Supreme Court has not squarely addressed the question of retroactive application of the definition of "actual charges" contained in section 38-71-242. Therefore, the court certifies the following questions to the South Carolina Supreme Court:

1. Can the definition of "actual charges" contained within S.C. Code Ann. § 38-71-242 be applied to insurance contracts executed prior to the statute's effective date?

2. Can the South Carolina Department of Insurance mandate the application of "actual charges" definition in S.C. Code Ann. § 38-71-242 to policies already in existence on the statute's effective date by prohibiting an insurance company from paying claims absent the application of that definition?

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

February 5, 2013